IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARMONDO SOLIS,

      Petitioner,

vs.                                 Case No. 4:10cv3-SPM/CAS

KENNETH TUCKER,[1]

      Respondent.
_____/


## REPORT AND RECOMMENDATION TO DENY AMENDED § 2254 PETITION

      Petitioner Armondo Solis, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with memorandum in support.  Docs. 1 and 2.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to relief.

---

      [1]Kenneth S. Tucker succeeded Edwin G. Buss, who had succeeded Walter McNeil, as Secretary of the Department of Corrections and is automatically substituted as the Respondent. *See* Fed. R. Civ. P. 25(d).

## **Procedural History**

Petitioner was charged with second degree murder and aggravated battery in 2003.  *See* Doc. 17 Ex. B at 8.  Petitioner proceeded to trial in June 2005, and the jury convicted him of manslaughter and aggravated battery.  *See id.* Ex. B at 35-36.  The trial court adjudicated him guilty and sentenced him to 15 years in prison on each offense, to run concurrently.  *See id.* Ex. B at 40-43.

Petitioner filed a direct appeal in the First District Court of Appeal (DCA).  The appellate brief raised one point: Whether the trial court erred in refusing to give a defense of others instruction.  *Id.* Ex. E.  The State filed an answer brief.  *Id.* Ex. F.  The First DCA per curiam affirmed the appeal without an opinion on September 28, 2006.  *Id.* Ex. G; Solis v. State, 939 So. 2d 98 (Fla. 1st DCA 2006) (table).

On August 8, 2007, Petitioner mailed "a petition for belated appeal."  Doc. 17 Ex. H.  The First DCA treated this as a petition alleging ineffective assistance of appellate counsel.  *Id.* Ex. I.  That court denied the petition on the merits on September 21, 2007.  *Id.* Ex. J; Solis v. State, 965 So. 2d 341 (Fla. 1st DCA 2007).

On November 21, 2007, Petitioner filed a Rule 3.850 motion for post-conviction relief.  Doc. 17 Ex. K.  The state circuit court dismissed this motion on February 27, 2008, because it did not have a proper oath.  Doc. 17 Ex. L.  Petitioner filed an amended Rule 3.850 motion on March 6, 2008.  *Id.* Ex. M at 1.  In this motion, Petitioner raised two claims: (1) ineffective assistance of counsel for failing to properly preserve the trial court's error in refusing to give the defense-requested jury instruction on defense of others; and (2) fundamental error in instructing the jury with regard to each charged offense and all lesser offenses.  *Id.* Ex. M at 3, 8.  The State filed a detailed

response to the claims.  *Id.* Ex. M at 25.  On June 11, 2009, the post-conviction trial court issued a written order denying the amended Rule 3.850 motion.  *Id.* Ex. M at 41. That court adopted and incorporated the State's response.  *Id.*  The court further found, as to claim (1), defense counsel had preserved any error and, as to claim (2), if the jury instructions as read constituted fundamental error, there was no incompetence of trial counsel and, to the extent any issue was presented in this claim, it was a matter for direct appeal.  *Id.*

Petitioner appealed the summary denial of his Rule 3.850 motion to the First DCA, and he filed a brief pro se.  Doc. 17 Ex. N.  The First DCA per curiam affirmed the case without an opinion on November 16, 2009.  Doc. 17 Ex. P; *see* Solis v. State, 22 So. 3d 544 (Fla. 1st DCA 2009) (table).  The mandate issued December 14, 2009.  Doc. 17 Ex. Q.

Petitioner filed his § 2254 petition on December 30, 2009.  Doc. 1.  Petitioner asserted only one ground: "Petitioner's Six and Fourteenth Amendment Rights were Violated - The State Court's Decision in Denying the Petitioner's Motion for Postconviction Relief was Contrary to Clearly Established Federal Law, as Determined by the Supreme Court of the United States."  *Id.* at 3.  This Court issued an order instructing Petitioner that such a claim is not cognizable under § 2254 because a defect in a collateral proceeding, as opposed to the conviction or sentence, is unrelated to the cause of detention and does not state a claim for habeas corpus relief.  Doc. 6; *see* Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004), *cert. denied*, 543 U.S. 960 (2004), *citing* Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (other citations omitted).  *See also* In re Rutherford, 437 F.3d 1125, 1127 (11th Cir. 2006) (citing

Quince and Spradley); Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th

Cir. 2006), *cert. denied,* 549 U.S. 1216 (2007) (citing Spradley).  Accordingly, this Court

directed Petitioner to file an amended § 2254 petition.  Doc. 6.

    Petitioner filed an amended petition.  Doc. 7.  He again asserts only one ground:

"Petitioners 6th and 14th Amendments were violated as Petitioner did not receive a full

and fair hearing in the state court on Petitioner's 3.850 motion."  *Id.* at 4.  Explaining his

argument on this ground, Petitioner asserts that he alleged in his Rule 3.850 motion that

there was evidence to support his theory of defense and the trial judge should have

allowed the jury instruction requested by defense counsel, and further that, when the

trial judge denied that request, defense counsel should have objected and preserved

this reversible error for the appellate court.  *Id.* at 4-4a.  Petitioner asserts he was

prejudiced by defense counsel's deficient performance because he was convicted of a

lesser included offense of manslaughter and, had the requested instruction been given,

there is a reasonable probability the jury would have found him "guilty of justifiable use

of deadly force or non-deadly force in defense of others."  *Id.*

    Respondent filed a response.  Doc. 17.  Respondent first presents a detailed

argument that the petition appears untimely and should be dismissed.  *Id.* at 4-6.

    Respondent further argues that Petitioner's claim – that the state post-conviction

trial court deprived him of his constitutional rights by not granting him a hearing on his

Rule 3.850 motion – does not present a federal issue and relief must be denied.  *Id.* at

7-8.  Respondent asserts that "[e]ven cast in due process clothing this does not present

a federal claim as there is no recognized federal right to state post conviction

proceedings." *Id.* at 8; *see* <u>Alston v. Dep't of Corr.</u>, 610 F.3d 1318 (11th Cir. 2010) (quoting <u>Quince</u>).

Respondent also argues Petitioner did not exhaust the ground raised in the amended petition because it was not fairly presented to the state courts.  Doc. 17 at 10. Respondent asserts that nowhere in the state post conviction record is a due process claim presented, and Petitioner cannot now return to state court.  *Id.* at 10-15. Respondent further asserts a detailed argument that Petitioner's claims are procedurally barred and relief should be denied.  *Id.* at 15.

Finally, on the merits, Respondent argues Petitioner is not entitled to relief.  *Id.* at 15-28.  As to the claim of denial of due process because of the post-conviction trial court's failure to hold an evidentiary hearing, Respondent asserts this is an issue of state law and was never fairly presented to the state court (so it is unexhausted and barred).  *Id.* at 19.  Because it was not presented to the state court, there is no state court ruling.  *Id.*  Further, Respondent asserts that because "hearings are the exception in federal court it cannot be said that a state post conviction process which does not provide hearings in all cases denies a defendant due process."  *Id.*

As to the ineffective assistance of counsel claim, Respondent asserts the record reflects Petitioner's counsel requested the instruction on the affirmative defense of others, but the trial court determined the evidence did not support such an instruction. *Id.* at 25; *see* Doc. 17 Ex. D at 364-65.  The post-conviction trial court found that Florida law does not require any additional action by counsel when counsel has requested a specific standard instruction and it has been denied.  Doc. 17 at 26 and Ex. M at 41; *see* <u>Carpenter v. State</u>, 785 So. 2d 1182, 1198-1200 (Fla. 2001); <u>State v. Heathcoat</u>, 442

So. 2d 955, 955-56 (Fla. 1983); Jones v. State, 714 So. 2d 627 (Fla. 1st DCA 1998).

The First DCA affirmed the post-conviction trial court's denial of this claim.  Doc. 17 at

26 and Ex. Petitioner; Solis v. State, 22 So. 3d 544 (Fla. 1st DCA 2009) (table).

Therefore, Respondent concludes, it was a reasonable decision and Petitioner has

shown neither deficient performance nor an unreasonable application of Strickland v.

Washington, 466 U.S. 668 (1984).  Doc. 17 at 26-28.

Petitioner filed a reply.  Doc. 19.  Petitioner argues his § 2254 petition is timely.

Doc. 19 at 2.  According to Petitioner, his one-year AEDPA period began January 16,

2007.  Id.  On August 16, 2007, he filed a timely petition claiming ineffective assistance

of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(c).  Id. at 3.

The First DCA denied that petition on September 20, 2007.  Id.  On November 21, 2007,

Petitioner filed a timely Rule 3.850 motion.  Id.  After the circuit court denied that motion

on June 11, 2009, Petitioner appealed the denial, and the First DCA affirmed the denial

without opinion on November 16, 2009.  Id.  Petitioner then filed his § 2254 petition on

December 30, 2009.

In his reply, Petitioner also addresses an ineffective assistance of counsel claim.

Doc. 19.  Petitioner argues his trial counsel failed to make a contemporaneous objection

when the trial court refused to give a defense-requested jury instruction on defense of

others.  Id. at 6.  Petitioner argues he was entitled to this jury instruction and counsel

was deficient for failing to object.  Id. at 6-8.  Petitioner argues that, had the requested

instruction been given, there is a reasonable probability the jury would have found him

"guilty of justifiable use of deadly force or non-deadly force in defense of others."  Id. at

8.

## Analysis

### 1. § 2254 Petition is Untimely

Respondent's argument concerning the timeliness of the § 2254 petition is well-taken.  It does appear that Petitioner's § 2254 petition may be dismissed as barred by the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1).

The AEDPA one-year limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for post-conviction relief or other collateral review is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner's judgment and sentence became final on December 27, 2006, when the time expired for filing a petition for writ of certiorari in the U.S. Supreme Court, following the First DCA's affirmance of Petitioner's direct appeal.  *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13; *see, e.g.*, Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1274-75 (11th Cir. 2006). On August 8, 2007, Petitioner filed a petition in the First DCA alleging ineffective assistance of appellate counsel, and this tolled the one-year AEDPA period, until that petition was denied on September 21, 2007.  At this point, 223 days had run.

The AEDPA clock began running again on September 22, 2007, and Petitioner's first Rule 3.850 motion, which was filed on November 21, 2007, did not toll the one-year

limitations period.  A Rule 3.850 motion must be presented under oath.  *See* Fla. R.

Crim. P. 3.850(c), 3.987.  The state post-conviction trial court dismissed Petitioner's

Rule 3.850 motion for failure to satisfy the oath requirement.  *See* Doc. 17 Exs. K and L.

Because the motion failed to comply with Florida's written oath requirement, the motion

was not "properly filed."  28 U.S.C. § 2244(d)(2); *see* Delguidice v. Fla. Dep't of Corr.,

351 F. App'x 425, 428 (11th Cir. 2009) (affirming district court's dismissal of § 2254

petition as untimely where first and unsworn Rule 3.850 motion was filed before AEDPA

period expired but amended and sworn Rule 3.850 motion was filed after AEDPA period

expired, and explaining that first Rule 3.850 motion was not "properly filed" because it

failed to comply with Florida's oath requirement).  Thus, because Petitioner's "state

post-conviction motion was not properly filed according to the state court's application of

the written oath requirement, the one-year statute of limitations under the AEDPA is not

tolled." Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000).

Given that Petitioner's first Rule 3.850 motion did not toll the AEDPA period, that

period continued to run until it expired, after an additional 142 days, on February 10,

2008.  Thus, when Petitioner filed his amended Rule 3.850 motion, on March 6, 2008,

after the state post-conviction court had dismissed his initial motion, no time remained

left to toll in the AEDPA one-year limitations period.  *See, e.g.,* Hutchinson v. State of

Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory

tolling to apply, the petitioner must file his state collateral petition before the one-year

period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331,

1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners

that a properly and timely filed petition in state court only tolls the time remaining within

the federal limitation period."); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)

("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in

order to toll the limitations period.  A state-court petition . . . that is filed following the

expiration of the limitations period cannot toll that period because there is no period

remaining to be tolled.").  Petitioner does not appear to claim equitable tolling should

apply.  *See* Doc. 19.  Therefore, Petitioner's § 2254 petition, filed on December 30,

2009, is untimely and may be dismissed.

## 2. § 2254 Petition Does Not State Claim for Habeas Relief

Even if the § 2254 petition is considered timely filed, to the extent Petitioner

asserts the state post-conviction trial court denied him "a full and fair hearing" on his

Rule 3.850 motion, the claim Petitioner raised is not cognizable under § 2254.  Doc. 7 at

4.  As this Court indicated in an earlier order in this proceeding, Doc. 6, a ground for

relief in a § 2254 petition is a claim that the petitioner "is in custody in violation of the

Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A defect in a

collateral proceeding, as opposed to the conviction or sentence, is unrelated to the

cause of detention and does not state a claim for habeas corpus relief.  *See, e.g.*,

<u>Carroll v. Sec'y, Dep't of Corr.</u>, 574 F.3d 1354 (11th Cir. 2009); <u>Quince</u>, 360 F.3d at

1261-62.

## 3.  Ineffective Assistance of Counsel Claim Not Exhausted

Finally, to the extent Petitioner asserts a claim of ineffective assistance of trial

counsel for failing to object and argue against the trial court's refusal to give a defense-

requested jury instruction on defense of others, such claim was not exhausted because

it was not fairly presented to the state appellate court for resolution on appeal from the

denial of Petitioner's Rule 3.850 motion.  As pointed out by Respondent, although

Petitioner included such claim in his amended Rule 3.850 motion, he filed a brief on

appeal from the denial of that motion and did not raise as error the denial of that claim.

Doc. 17 at 12-13 and Ex. N; *see* Watson v. State, 975 So. 2d 572, 573 (Fla. 1st DCA

2008) (explaining that when defendant submits brief in appeal from summary denial of

post-conviction motion, court may review only arguments raised and fully addressed in

brief).  In that brief, Petitioner raised two points:

> GROUND ONE THE LOWER TRIBUNAL ERRED IN FINDING THAT
> GROUND ONE RAISED IN APPELLANT'S POSTCONVICTION RELIEF
> MOTION 3.850 WAS PROPERLY PRESERVED FOR DIRECT APPEAL -
> THUS THE APPELLANT WAS NOT ENTITLED TO THE RELIEF HE
> WAS SEEKING
>
> GROUND TWO THE LOWER TRIBUNAL ERRED IN FINDING THAT
> GROUND TWO RAISED IN APPELLANT'S POSTCONVICTION RELIEF
> MOTION 3.850 WAS A MATTER FOR DIRECT APPEAL

Doc. 17 Ex. N at i.

By not presenting the ineffective assistance claim to the First DCA on appeal

from the denial of his amended Rule 3.850 motion, Petitioner failed to exhaust the claim

and is procedurally barred from raising it in this § 2254 proceeding.  *See* 28 U.S.C.

§ 2254(b)(1)(A); *see, e.g.*, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (providing

that, to properly exhaust a claim, "state prisoners must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process").  "A petitioner who fails to exhaust his

claim is procedurally barred from pursuing that claim on habeas review in federal court

unless he shows either cause for and actual prejudice from the default or a fundamental

miscarriage of justice from applying the default."  Lucas v. Sec'y Dep't of Corr., 682 F.3d

1342, 1353 (11th Cir. 2012) (explaining that petitioner did not fairly present state court with federal constitutional right-to-confrontation claim where, among other things, briefs filed in Florida Supreme Court failed to cite any constitutional provision and cited cases did not discuss right to confront witnesses under either federal or state constitutions). Here, Petitioner has made no showing of either and does not appear to have attempted to do so.  Accordingly, this claim – to the extent it is timely and raised – appears procedurally barred.

### 4.  Ineffective Assistance of Counsel Claim Lacks Merit

Finally, as Respondent indicates, the post-conviction trial court determined that, by asking for the specific instruction and arguing the grounds therefor, trial counsel had preserved for appeal the challenge to the trial court's refusal to give the requested jury instruction.  Doc. 17 at 26 and Ex. M at 41.  The record reflects that defense counsel requested the instruction for defense of others and the trial court determined such instruction was not warranted.  *See* Doc. 17 Ex. D at 362-64.  Under Florida law, defense counsel was not required to do anything more to preserve the argument for appeal.  *See, e.g.,* Carpenter, 785 So. 2d at 1198-99 (explaining that defense counsel properly preserved for appellate review objection to jury instruction where defense counsel objected to instruction during jury charge conference and specifically advised trial court of basis for objection); Heathcoat, 442 So. 2d at 955-56 (explaining that defense counsel sufficiently preserved jury instruction issue for review despite counsel's failure to object where defense counsel requested specific instruction and trial court "clearly understood the request and just as clearly denied the request").  (Indeed, as indicated above, the initial brief filed in Petitioner's direct appeal raised as error the trial

court's refusal to give the requested instruction, *see* Doc. 17 Ex. E, and the First DCA

affirmed the appeal without opinion, *see* <u>Solis v. State</u>, 939 So. 2d 98 (Fla. 1st DCA

2006).)  Therefore, it was not unreasonable for the state post-conviction court to

conclude defense counsel's performance was not deficient.  *See* 28 U.S.C.

§ 2254(d)(1); *see, e.g.*, <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) ("Under the

doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the

§ 2254(d)(1) standard, . . . [petitioner's] ineffective assistance claim fails.  It was not

unreasonable for the state court to conclude that his defense counsel's performance

was not deficient . . . .").  This ground, if addressed on the merits, should be denied.

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief.  The

amended § 2254 petition (Doc. 7) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a certificate is

issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal

must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)

(explaining substantial showing) (citation omitted).  Therefore, the Court should deny a

certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's amended § 2254 petition (Doc. 7). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 29, 2012.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**